**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robyn E. Ryba,<br><br>      Plaintiff,<br><br>vs.<br><br>Cesar Nelson,<br><br>      Defendant. | No. 4:16-CV-780-CKJ<br><br>**ORDER** |

Pending before the Court are the Motions in Limine (Doc. 41) taken under advisement during the November 28, 2018, hearing.

*Motion in Limine Re: Acquittal*

The parties disagree whether evidence regarding the acquittal should be admitted. They agree the seminal case is *Borunda v. Richmond*, 885 F.2d 1384 (9th Cir. 1988). That case states:

> Evidence of an acquittal is not generally admissible in a subsequent civil action between the same parties since it constitutes a "negative sort of conclusion lodged in a finding of failure of the prosecution to sustain the burden of proof beyond a reasonable doubt." S. Gard, 2 Jones on Evidence, § 12:25, p. 391 (6th ed. 1972). Here, however, the district court did not admit the evidence as proof of the facts upon which the acquittals were based. Evidence of the acquittals was admitted solely for the purpose of showing that the plaintiffs incurred damages in the form of attorneys' fees in successfully defending against the state criminal charges, and that the fees charged were reasonable in light of the success achieved.
>
> Even if evidence of the acquittals was relevant, this evidence should have been excluded if its probative value was substantially outweighed by the likelihood of unfair prejudice. *See* Fed.R.Evid. 403. In this regard, trial courts have "very broad discretion in applying Rule 403 and, absent abuse, the exercise of its discretion will not be disturbed on appeal." *Liew v. Official Receiver and Liquidator*, 685 F.2d 1192,

1195 (9th Cir.1982).

*Borunda v. Richmond*, 885 F.2d 1384, 1387-88 (9th Cir. 1988). What seems significant in *Borunda* is that the evidence was admissible because it went to the issue of damages (e.g., legal fees in criminal case). Plaintiff Robyn E. Ryba ("Ryba") similarly argues evidence of her acquittal is relevant to her request for damages.

The defense argues, however, that this case is more factually similar to *Solomon v. Herminghaus*, No. 213CV00115GEBCKD, 2015 WL 13667569, at *2 (E.D. Cal. Jan. 14, 2015). In *Solomon*, it appears the fact that a false arrest claim remained pending in *Borunda* was significant to the determination that the evidence was relevant to damages. Here, the Court has already determined there was probable cause for the arrest . . . in other words, even if it was determined there was excessive force in this case, the criminal proceeding would not be set aside . . . any damages are not the result of a false arrest, but of alleged conduct irrespective of valid criminal charges.

Additionally, the Court agrees admission of the acquittal is not appropriate as proof of the facts upon which the acquittal was based. However, the Court finds the evidence is relevant as to the motive of Ryba in bringing this lawsuit. *See* Fed.R.Evid. 401 (Evidence is relevant if "it has any tendency to make a fact more or less probable" and "the fact is of consequence[.]"). The danger of unfair prejudice to Ryba is more likely to result if the evidence is excluded: the jury could infer Ryba's actions in bringing this suit were for vengeful and vindictive reasons, as opposed to possible prejudice to Cesar Nelson ("Nelson") (e.g., he acted inappropriately in arresting Ryba). *See* Fed.R.Evid. 403.

However, the Court recognizes that Nelson argues that the admission of this evidence will result in the need to present evidence of whether probable cause existed to arrest/charge Ryba. In determining whether the relevant value of this evidence is substantially outweighed by the danger of "confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence[,]" *id*., the Court considers that it has previously found, as a matter of law, that probable cause existed to arrest Ryba. In such circumstances, the Court finds the concerns raised by Nelson may be addressed by an instruction to the jury

1 that probable cause existed to arrest Ryba. The Court will direct the parties to include any
2 proposed instruction or any objection to such an instruction with the parties' proposed jury
3 instructions.

*Motion in Limine Re: Internal Affairs Documents*

The defense argues that the evidence discussed herein was untimely disclosed. Ryba argues, however, it was late because Nelson's deposition was delayed due to the schedules of Nelson and defense counsel. She further asserts that she had no basis to discover this evidence until Nelson's deposition. The Court declines to preclude the evidence solely on this basis.

The internal affairs documents can be summarized as follows: One incident involved force (a high risk stop where Nelson and other officers removed the occupants at gunpoint), but it was determined that the force had been justified. One complaint asserted Nelson had acted disrespectfully, but when the fire chief (who had also responded) corroborated that the officers had acted appropriately, the complaint was withdrawn. Other complaints involve damage to police department property. None of the internal affairs complaints involved inappropriate touching.

The Court finds two categories of the internal affairs documents to be relevant. Specifically, the 2012 complaint where a person cited for a traffic violation complained that Nelson did not allow her to read the citation before signing it is similar to the alleged facts in this case. The Court notes, however, the complaint was closed as unsustained. The other category is videos that were not timely uploaded. Here, the video was timely uploaded, but due to a technical problem (according to the defense), the video could not be accessed. The remaining other act incidents do not prove a material issue in the case and are not similar to the instant case.

The defense cites a number of cases finding disciplinary reports of officers are not admissible. Ryba does not distinguish those cases and does not provide any authority to support her position. *See generally, Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th

Cir. 2003) ("Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court.").

Generally speaking, Rule 404(b) precludes Ryba from presenting evidence about prior complaints or incidents in which Nelson used force in an attempt to prove his character for violence. *See e.g. Willingham v. City of SanLeandro*, 368 Fed.Appx. 845, 847 (9th Cir.2010) (district court did not abuse discretion by excluding evidence of alleged misconduct by police officer); *Haflich v. McLeod*, 2011 WL 52348 *3 (D.Mont.2011) (citing *Graham v. O'Connor*, 490 U.S. 386, 397 (1989) (other acts evidence is not relevant to the issue of liability on excessive force claim because the reasonableness of the use of force determination must be based upon whether the officer's actions are objectively reasonable, without regard to the officer's intent or motive); *Sibrian v. City of Los Angeles*, 288 Fed. Appx. 385, 387 (9th Cir. Aug. 1, 2008) (holding that the district court acted within its discretion in excluding evidence of prior excessive force complaints against a police officer who allegedly shot at a motor vehicle, and used his police vehicle to chase down the vehicle, bumping it, and sending it careening into a tree, where the evidence did not cast light on officer's intent or the absence of mistake); *MacGregor v. Collins*, 160 Fed. Appx. 573, 574 (9th Cir. Dec. 19, 2005) (prior citizen complaints against a law enforcement officer were both irrelevant and unduly prejudicial in an action alleging the use of excessive force); *Jones v. DeVaney*, 107 Fed. Appx. 709, 710–11 (9th Cir. July 1, 2004) (district court did not abuse its discretion in a § 1983 excessive force action by excluding evidence of a corrections officer's prior infractions, where only one of three reprimands was for unnecessary use of force, and the circumstances and type of force in the earlier incident were unlike the allegations against the officer in the current action). A number of this cases, however, are unpublished.

While Rule 404(b) excludes evidence of a party's character for the purpose of proving acts in conformity therewith, the Ninth Circuit has called Rule 404(b) "a rule of inclusion—not exclusion—which references at least three categories of other 'acts' encompassing the inner workings of the mind: motive, intent, and knowledge." *United States v. Curtin*, 489 F.3d 935, 944 (9th Cir. 2007). Evidence of other acts is thus "admissible

- 4 -

under Rule 404(b) if the following test is satisfied: (1) there must be sufficient proof for the jury to find that the defendant committed the other act; (2) the other act must not be too remote in time; (3) the other act must be introduced to prove a material issue in the case; and (4) the other act must, in some cases, be similar to the offense charged." *Duran*, 221 F.3d at 1132–33.

Ryba's argument is that, despite knowing the policies and procedures of the Marana Police Department, Nelson still had a pattern of disregarding them. This seems to be arguing that Nelson was acting in conformity with prior conduct . . . which is exactly what Rule 404(b) prohibits. Although Ryba generally lists the permissible reasons of Rule 404(b), her specific argument ignores that standard. She argues Nelson acts with a pattern of behavior as to not allowing a person to read a form, intimidating arrestees, and failing to properly upload videos when excessive force is at issue.

Arguably, the failure to let someone read a form shows an absence of mistake. However, the facts are not significantly similar to this case and it occurred approximately two years before the incident involving Ryba. In light of the limited similarity and apparent use to show Nelson acted in conformity with prior (unsustained) conduct, the Court finds this evidence should be precluded.

As to the problems with uploading videos, this evidence arguably shows an absence of mistake. To reach this conclusion, the implication is that the defense is incorrect in attributing the errors to technical problems. However, the Court does not finds any basis to presume the defense's version is correct. Moreover, in theory it is possible there were technical problems but Nelson was also deliberately doing something wrong in trying to upload the videos. Also, Nelson was apparently previously disciplined for failing to follow policies to properly upload the videos to the system. Ryba argues:

> Officer Nelson had sole possession and control of the video and while there has been some indication that the department's system was not always operating properly, there is no evidence that this is the reason this particular video is missing, leaving a question of fact that is only proper for the jury to decide. Further, in June of 2011, as outlined above, Officer Nelson was accused and disciplined for the use of excessive force AND for knowingly violate the in-car video policy by not reporting that his system was inoperable. Again, accusations of excessive force, but no video in

1 existence.

2 Response (Doc. 46, pp. 12-13). The Court finds this evidence is relevant and is admissible.

3

4 *Motion in Limine Re: Dash-Cam Video/Town of Marana Unable to Retrieve the Video*

5       The defense seeks to admit evidence of technical problems in uploading the dash cam
6 video of the incident. Just as Nelson's history of problems uploading the video is relevant,
7 the Court finds the system problems are relevant. Although Ryba argues the missing video
8 "goes directly to the issue of Nelson's truthfulness and credibility," Response (Doc. 46, p.
9 12), and implies, therefore, that the reasons asserted by the Town of Marana should not be
10 admitted, this argument fails to recognize that the defense's alleged reason for the missing
11 video affects the credibility as well. As previously stated, it may be that there were technical
12 problems along with Nelson having done something wrong . . . or it may be that a lack of a
13 retrievable video is solely attributed to the technical problems. It is up to a jury to decide this
14 issue. The Court finds this evidence is admissible.

15       Accordingly, IT IS ORDERED the Motion in Limine (Doc. 41) is GRANTED IN
16 PART AND DENIED IN PART as follows:

17       1.    Evidence of Ryba's acquittal is admissible. The parties shall include any
18 proposed instruction or any objection to such an instruction with the parties' proposed jury
19 instructions.

20       2.    With the exception of evidence of Nelson's history of problems regarding the
21 uploading of videos, the evidence of Nelson's other acts as it relates to his employment is
22 precluded. The evidence of Nelson's history of problems uploading videos is admissible.

23       3.    Evidence of the Town of Marana's technical problems uploading videos is
24 admissible.

25       DATED this 19th day of December, 2018.

_____
Cindy K. Jorgenson
United States District Judge